IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

2:57 pm, 5/11/10

Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re ) | |
| ) | |
| UNDERGROUND, LLC, ) | Case No. 09-20040 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| GARY A. BARNEY, Trustee of the ) | |
| Bankruptcy Estate of Underground, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 09-2017 |
| ) | |
| GERNOT MATTHEIS and GARY ) | |
| MATTHEIS, Individually and as Partners ) | |
| of the Jourdan Family Limited ) | |
| Partnership, ) | |
| ) | |
| Defendants. ) | |

**OPINION ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

On March 17, 2010, the Court held a non-evidentiary hearing on the parties' cross motions for summary judgment: (1) Chapter 7 Trustee's Motion for Summary Judgment and Defendant's Response; and (2) Defendant's Motion for Summary Judgment and the Trustee's Response. The Trustee was represented by Frank Watkins. Gernot Mattheis (also known as Gary Mattheis), ("Defendant") was represented by Phillip Willoughby and Andrea Richard. After reviewing the pleadings and arguments of the parties the Court finds and concludes as follows:

**Jurisdiction**

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the definition of 28 U.S.C. §157 (b)(2)(E). This motion is brought under Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

**Uncontroverted facts**

(1) Underground, LLC d/b/a/ Real Estate of Jackson Hole ("Underground") filed for Chapter 7 bankruptcy protection on January 23, 2009.

(2) Underground is licensee for Real Estate of Jackson Hole ("REJH"). Christopher Johnston ("Johnston") was president of Underground.

(3) REJH notified all licensees that it would close its door on or about December 24, 2008 and cease doing business. All the licenses were sent to the Wyoming State Real Estate Board.

(4) REJH and the Defendant entered into an Exclusive Right to Sell Listing Contract ("Listing Contract") on October 22, 2007, to sell a third floor condominium at 30 King Street, Jackson, Wyoming ("Property"). The Listing Contract was prepared by Mike Mattheis, Salesman, who is related to the Defendant.

(5) The Defendant is a resident of Jackson, Wyoming; is a partner with the Jourdan Family Limited Partnership ("Partnership"); and had authority to do business for the Partnership.

(6) The Defendant was developing and constructing a building which he sold as condominiums.

(7) Johnston was the major shareholder and sales agent of REJH who introduced the buyers to the seller for the purpose of purchasing the Property.

(8) The listing price for the Property was $2,200,000.00, which did not include the "build out of the unit." The purchaser was responsible for finishing the property.

(9) The Listing Contract term was from October 22, 2007 though 2008, inclusive.

(10) The Listing Contract provides for a commission of six percent (6%) of the selling price.

(11) REJH was the only broker in the sale.

(12) On October 22, 2007, the Defendant and Richard P. Johnston and Jayne A Johnston ("Buyers") entered into a King Street Condominium Purchase and Sale Agreement ("Agreement") together with an Attachment, for the sale/purchase of the Property.

(13) The Agreement provided that the closing was to occur no later than December, 2008.

(14) The Agreement was amended by Defendant and Buyers to reduce the sales price from the original purchase price of $2,200,000.00 to $2,168,000.00.

(15) Buyers paid the Seller Two Million One Hundred Sixty-Eight Thousand Dollars ($2,168,000.00). The closing occurred on June 12, 2009.

(16) The Defendant completed the sale and closing without assistance of REJH, Underground, or Johnston.

(17) The final recorded plat for the property was obtained by Defendant on April 30, 2009. The final recorded plat was a requirement of closing.

(18) The Defendant and the Buyers adjusted the sale price at the time of closing to represent the fact that a real estate commission was not due or to be paid at closing.

(19) This adversary case was filed on July 1, 2009.

**Issues**

Upon review of the pleadings, the Court rephrases the issues of both motions for summary judgment as stated below:

(1)   Is the bankruptcy trustee estopped from pursuing an asset of the estate because the Debtor failed to list the property on his schedules?

(2)   Was the Debtor owed a commission upon the closing of the sale?

(3)   Was the Defendant's refusal to turn-over the commission a violation of the automatic stay?

(4)   If the trustee is successful, should he be awarded attorney fees?

**Summary judgment standards**

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The Court should determine what facts are not genuinely at issue by examining the pleadings and evidence before it. The Court should issue an order specifying what facts, including items of damages or other relief, are not genuinely at issue.[1]  Summary judgment is appropriate when there is no disputed issue of material fact,

---

[1] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.

and the moving party is entitled to judgment as a matter of law.[2] Under Rule 56(c) summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact.[3] A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[4] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[5]

**Discussion**

(1)   **Should the trustee be estopped from pursuing assets for the estate because the Debtor failed to schedule the property?**

Defendant's motion for summary judgment asserts that the Trustee should be estopped from pursuing the commission as an asset of the estate because the Debtor failed to schedule the property. There are no material facts in dispute that the Debtor failed to schedule the commission, allegedly owed to it, from the sale of the Property.

A debtor is required to make full and complete disclosure of his assets when he

---

[2] *Hardy v. S. F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

[3] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

[4] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[5] *Supra.*

files for bankruptcy.[6] There is a growing body of precedent invoking judicial estoppel to preclude a debtor from pursuing litigation if the debtor fails to list the claim on his bankruptcy schedules. The United States Court of Appeals for the Tenth Circuit has not decided if judicial estoppel should be applied when a debtor fails to list a claim on his bankruptcy schedules. The Tenth Circuit previously refused to apply judicial estoppel under any circumstances, but changed its position based on the United States Supreme Court's decision.[7] Although the trend is to apply judicial estoppel in similar circumstances, courts have not automatically applied that doctrine based on the mere fact that the debtor omitted a claim from his bankruptcy schedules.[8]

A bankruptcy trustee may pursue legal claims belonging to the bankruptcy estate once the petition for bankruptcy has been filed. A trustee is generally bound by the authorized actions of the debtor before the trustee assumes control of the bankruptcy estate. However, that does not mean the trustee is precluded from reopening the bankruptcy to amend the debtor's schedules or that the trustee's duty to locate and pursue all assets of the estate is limited because of the debtor's error. Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are

---

[6]11 U.S.C. § 521(a).

[7]Supra.

[8]*Malloy v. Reed*, Case No. 05-CV-0107, 2006 U.S. Dist. Lexis 55911 (Dist. N.D. Okla., Aug. 9, 2006).

themselves victims of the debtor's deceit. Moreover, as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied.[9]

In reviewing the facts, in the light most favorable to the opposing party, which is the Trustee, the Defendant does not allege, nor are there any facts that the Trustee or the estate engaged in any conduct that is contradictory. The Trustee has consistently attempted to locate and pursue the assets of the estate for the benefit of the Debtor's creditors. The Trustee is not estopped from pursuing the asset.

(2)    <u>Was the Debtor owed a commission upon the closing of the sale?</u>

The Trustee asserts that the Debtor was owed its commission for the sale of the Property and that the Defendant be ordered to turn-over the commission as property of the estate to the Trustee. Contrarily, in its cross motion for summary judgment, the Defendant asserts that the Debtor was not entitled to a commission for the sale of the Property as the closing occurred after the Listing Contract expired. Therefore, the Trustee is not entitled to any alleged commission as property of the estate.

---

[9] Kirby v. United States, Case No. 07-CV-568, 2009 U.S. Dist. Lexis 8981 (Dst. N.D. Okla., Feb. 6, 2009)

Property interests are created and defined by state law.[10] Under Wyoming law, the general rule of brokerage contracts, that the broker is entitled to his commission when a purchaser, procured by him, and the employer enter into a valid, binding and enforceable contract of sale, cannot govern when there is a provision to the contrary in the contract of employment.[11] The principle is well settled that where the commission is dependent upon certain conditions or contingencies, as upon the actual consummation of sale, or the full payment of the purchase money, these stipulations will govern, and a fulfillment or performance of the prescribed condition is generally essential to the right of compensation.[12]

Any ambiguity in a contract must be resolved against the author of the instrument.[13] There is a marked difference between a contract by a broker to provide a purchaser to his principal and a contract to complete a purchase of sale. In the first instance the broker has earned his commission when he has introduced and brought together the principal and the proposed purchaser, between who a deal is perfected. In

---

[10]*Parsons v. Union Planters Bank and Moon,* 262 B.R. 475 (Bankr. Mo. 8th Cir., 2001)

[11]*Murphy v. W. &W. Livestock,* 189 P. 857 (Wyo. 1920).

[12]*Murphy,* supra citing 2 Mechan on Agency, 2nd Ed., Sec. 2427, 4 R.C.L. 310, 312, 9 C.J. 581, 587, 632, 23 Ency. L. 2nd Ed., 911, 918, 919, 923.

[13]*McCartney v. Malm,* 627 P.2d 1014 (1981).

the second instance, it is the duty of the broker to perfect a sale upon the prescribed terms submitted to him by the principal, before he is entitled to his commission.[14]

The terms of the Listing Contract provide, as relevant:

"I. EXCLUSIVE RIGHT TO SELL LISTING CONTRACT from October 22, 2007, through 2008, inclusive, for and in consideration of the real estate brokerage services described below to be performed by Real Estate of Jackson Hole, a duly licensed Wyoming real estate broker..."

"IV. BROKER COMPENSATION....

B. Seller hereby agrees to pay Broker as compensation for Broker's services: 6%, of the selling price;...

C. In case of any sale or exchange of the subjection property within said listing period by Broker, or by any person, Seller shall pay the compensation provided by Section IV B. in cash at closing.

D. "Sale" as used in this Agreement shall include, but is not limited to, any exchange of the Property; any contribution or conveyance of the Property or any interest therein to any person or any business entity; or the granting of an option to purchase the Property...

E. 3. If the subject property or any part thereof is sold, exchanged, leased or optioned, or if any other transaction occurs which causes an effective change of ownership of such property from Seller to a third party within 30 days after the expiration of this Contract, to or with any person, firm, corporation or other entity or anyone acting for such person, firm, corporation or other entity to whom the property was introduced by Seller, Broker or any of Broker's Salespeople or by any other person, and whose name was disclosed by Broker to Seller prior to expiration or by written notice, deposited in the U.S. Mail, certified mail, return receipt requested and postage prepaid, before midnight of the seventh day following the date of the termination of this Contract, exclusive of the date of termination. A written offer to purchase this property submitted to Seller during the term of this Contract shall constitute the notice required by this subsection without further notice to Seller."

---

[14]*McCartney* at 1021.

Defendant's motion for summary judgment.

A review of the terms of the Listing Contract, in the light most favorable to the Defendant, show that the Defendant agreed to pay the broker for services performed by a licensed Wyoming Real Estate Agent, "in case of any sale or exchange of the property within the listing period." The Listing Agreement states that a sale..."shall include, but is not limited to, exchange of the Property; any contribution or conveyance of the Property or any interest therein to any person or any business entity..." By the Listing Agreement's own terms, *"shall include, but is not limited to,"* entering into a purchase agreement may constitute a sale. The Listing Agreement does not state prescribed terms that the broker must perform before he is entitled to his commission. The Defendant and Buyers entered into the Purchase Agreement within the listing period. The broker, REJH, was a licensed Wyoming real estate agent at that time. The commission was due and owing to the Debtor upon the execution of the Agreement.

Additionally, the Court reviewed the "First Amendment to Purchase and Sale Agreement, executed by the Defendant and the Buyers. The agreement modified the purchase price but specifically stated, "Except as modified herein, the Agreement remains in full force and effect." Part of the Agreement that remained in "full force and effect" was the provisions for the broker's commission.

Both parties cite the Wyoming case, *Grommet v. Newman*. The Court does not find that the case is applicable in this matter as the Listing Agreement is unambiguous and controlling in this case.[15]

Under 11 U.S.C. §541 the legal and equitable interest of the debtor become property of the estate upon the commencement of the bankruptcy case. Therefore, the commission due to the Debtor from the Defendant is property of the estate.

Based upon the above analysis of this issue, the Defendant's motion for summary judgment shall be denied and the Trustee's motion for summary judgement shall be granted. The commission due and owing to the broker at the closing is property of the bankruptcy estate and shall be turned over to the Trustee.

(3) <u>Was the Defendant's refusal to turn-over the commission a violation of the automatic stay?</u>

The Court finds that there are not facts alleged to determine if the Defendant wilfully violated the automatic stay. There are material facts in dispute. Therefore the Court denies this portion of the motion for summary judgment. This matter shall be set for trial

---

[15]*Grommet vs. Newman*, 220 P.3d 795 (2009).

(4) <u>Should the Trustee be awarded attorney fees?</u>

Again, the Court finds that a trial is necessary to determine if the trustee should be awarded attorney fees.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this \_\_11\_\_ day of May, 2010.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Frank Watkins
    Phillip Willoughby
    Andrea Richard