IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

FILED
2:56 pm, 10/28/10
Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re ) | |
| ) | |
| UNDERGROUND, LLC, ) | Case No. 09-20040 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| GARY A. BARNEY, Trustee of the ) | |
| Bankruptcy Estate of Underground, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 09-2017 |
| ) | |
| GERNOT MATTHEIS and GARY ) | |
| MATTHEIS, Individually and as Partners ) | |
| of the Jourdan Family Limited ) | |
| Partnership, ) | |
| ) | |
| Defendants. ) | |

## OPINION ON VIOLATIONS OF THE AUTOMATIC STAY AND AWARD OF DAMAGES

On July 13, 2010, this matter came before the Court for an evidentiary hearing on the Amended Complaint for Delivery or Turnover of Property and Violation of the Automatic Stay ("Amended Complaint"), filed by Gary Barney, Trustee of the Bankruptcy Estate of Underground LLC ("Trustee") and the Defendants' Answer. The parties were represented as stated on the record. The Court, having reviewed the record, testimony and evidence, and for the reasons set forth below, finds that the Defendants violated the automatic stay.

**Jurisdiction**

The Court has jurisdiction of this matter under 29 U.S.C. §§157(b)(2)(E) and 1334. This is a core proceeding.

**Facts**

The Trustee filed this adversary proceeding on July 1, 2009 and served the Complaint for Delivery or Turnover of Property alleging that the Debtor was entitled to commission from the real estate transaction.[1] Upon the Debtor filing for bankruptcy protection, the commission became property of the estate. In response, Gernot Mattheis, a.k.a. Gary Mattheis, Individually and as Partners of the Jourdan Family Limited Partnership ("Defendants") filed Defendants' Answer to Complaint and Counterclaims on July 30, 2010. On August 18, 2010, the Trustee filed a Motion to Amend the Complaint, alleging that: (1) the Defendants had possession and were exercising control of property of the estate; and (2) Defendants' counterclaims were violations of the automatic stay under 11 U.S.C. §362. After hearing, the Court granted the motion and the Trustee filed the Amended Complaint. Thereafter, Defendants filed their Answer to Amended Complaint for Delivery or Turnover of Property and Violation of the Automatic Stay. On the evening before the evidentiary hearing on this matter, co-counsel[2] for the Defendants filed an "Authority in Support of Opposition to Motion to Hold Creditor in Contempt." Due to the last minute submission of the pleading, the Court allowed the Trustee time to respond after the hearing. The remaining issues before the Court are whether the Defendants violated the automatic stay and if the Trustee should be awarded attorney fees.

---

[1] This issue was determined by the Court by the entry of the Order Granting in Part and Denying in Part, the Trustee's Motion for Summary Judgment on May 11, 2010.

[2] Although Mr. Willoughby refers to Andrea Richards as "former counsel," the Court's review of the docket shows that Ms. Richards is an attorney of record representing the Defendants.

**Discussion**

<u>Defendants' possession and control of bankruptcy estate assets as a violation of the automatic stay.</u>

The Trustee alleges that the Defendants' actions of obtaining possession and control of the real estate commission, after notification of the bankruptcy proceedings, are a violation of the automatic stay.

The Bankruptcy Code states, as relevant:

"An individual injured by any willful violation of a stay...shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages."[3]

Courts have determined that a turnover action is not an action to recover damages for the taking of estate property but an action to recover possession of property belonging to the estate at the time of filing. A turnover action invokes the court's most basic equitable powers, that is to gather and manage property of the estate. However, a refusal to turn over property is a violation of the automatic stay. While Section 542 provides the right to the return of estate property, §362(k) provides the remedy for failure to do so.[4]

The Tenth Circuit holds that the willful violation of an automatic stay must be proven by a preponderance of the evidence. In order to demonstrate a violation of the automatic stay, a debtor bears the burden of establishing that the creditor knew of the automatic stay

---

[3] 11 U.S.C. §362(k)(1) (2009).

[4] *In re Domenico*, No. 7-06-12430, Adv. No. 07-1147, 2010 Bankr. LEXIS 1124 (Bankr. D. N.M. April 14, 2010)

and intended the action that constituted the violation. No specific intent is required.[5] Any deliberate act taken in violation of the stay, which is known to be in existence, justifies an award of actual damages. This standard encourages would-be violators to obtain declaratory judgments before seeking to vindicate their interests in violations of an automatic stay and protects debtors' estates from incurring potentially unnecessary legal expenses in prosecuting stay violations.[6]

In the present case, it is the Trustee requesting turnover of the estate property. The Court determined that the commission from the sale of the real property was an asset of the bankruptcy estate by the Order entered on May 11, 2010. Mr. Mattheis testified that he knew that the Debtor had filed for bankruptcy protection as early as January 2009. Mr. Mattheis also testified that at the time of the closing on the real estate transaction, he and the buyers[7] decided that a commission was not owed to the Debtor. Thereafter, in response to any Trustee's demand for turn over of bankruptcy property, the Defendants refused. The Defendants, instead of filing a motion for declaratory judgment with the Court to determine if the funds were an asset of the estate, ignored all requests from the Trustee and flatly refused to turn over the funds. The Defendants knew that the Debtor's bankruptcy had been filed and intentionally did not turn over the funds. The Court finds that the Defendants violated the automatic stay.

---

[5] *In re Johnson*, 501 F.3d 1163 (10th Cir. 2007).

[6] *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098 (2nd Cir. 1990).

[7] Christopher Johnston was president of the Debtor. Mr. Johnston's parents, Richard P. Johnston and Jayne A. Johnston were the buyers.

Defendants' counterclaims as a violation of the automatic stay.

The Trustee asserts that the Defendants' filing of counterclaims in response to the Trustee's Complaint was a violation of the automatic stay. This is an issue of first impression in this Court. There does not appear to be controlling case law within the Tenth Circuit. Therefore the Court has reviewed the law in other circuits. The provisions of 11 U.S.C.§ 362 only stay the commencement of proceedings which could have been brought prior to the filing of the petition for relief. In the present case, it appears that the Defendants' counterclaims were the result of the Trustee's adversary action. In this respect, it appears that such counterclaims could not have been asserted until the Trustee brought the adversary action. Since the Trustee's adversary action must necessarily have been filed subsequent to the initiation of liquidation proceedings, the filing of these particular counterclaims was not a violation of the automatic stay. Defendants' counterclaims directly related to the adversary brought by the Trustee. The counterclaims cannot be considered to be in violation of the stay.

Attorneys fees.

The Trustee testified at the hearing as to the cost of litigation in pursuing the violation of the automatic stay. The evidence is in the form of an affidavit from Frank B. Watkins ("Affidavit"). The Court finds that the Trustee testified with certainty regarding the damages incurred by the estate and will award attorney's fees accordingly.

The Court, having reviewed the Affidavit, and in light of this Court's ruling regarding the Defendants' counterclaims, reduces the request for attorney's fee for all entries relating

to the counterclaims or amended complaint by the amount of $4,440.00  Additionally, the Court finds that the services on "7-2-2009" were partially performed as secretarial duties. The docket shows the summons was executed by the secretarial staff. Therefore, the request for services is reduced by one-half. Finally, the services detailed as: "4/29/2010 - Conference with Gary Barney concerning research on untimely filed priority creditors" is "lumped" with the entry, "and settlement offer and possible counterclaim." The conference with the Trustee regarding the untimely filed priority creditors does not appear to relate to the matter before the Court. Services provided for the counterclaim are deducted, and the Court is unable to determine the time that the applicant spent on the "settlement" portion of the entry. Therefore, the entire amount is deducted. The Court finds that the remaining attorney's fees are reasonable and calculates the actual damages to be the total amount of $13,695.50.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 28 day of October, 2010.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
  Frank Watkins
  Phillip Willoughby